In re NITLA S.A. de C.V., Relator.

No. 01–0512.

Supreme Court of Texas.

April 11, 2002.

Luther H. Soules, III, Soules & Wallace, San Antonio, Randy J. McClanahan, Scott M. Clearman, McClanahan & Clearman, Houston, Yolanda Villarreal Ryan, Joseph W. Ryan, Kendall C. Montgomery, Kelly & Ryan, Houston, Vincent L. Marable III, Paul Webb, P.C., Wharton, for Relator.

David Philip Whittlesey, Edward F. Fernandes, Jennifer Rene Brannen, Steven M. Zager, Brobeck, Phleger & Harrison, Austin, Jill Warren, Office of Atty. Gen., Austin, for Respondent.

PER CURIAM.

The issue here is whether the trial court abused its discretion when it refused to disqualify Nitla's counsel, who had reviewed privileged documents that the trial court ordered the opposing party to produce. The court of appeals issued mandamus, ordering the trial court to disqualify Nitla's counsel. *In re Bank of Am., N.A.,* 45 S.W.3d 238, 245 (Tex.App.-Houston [1st Dist.] 2001). However, in so doing, the court of appeals misapplied the law and thus abused its discretion. Accordingly, we granted Nitla's motion for rehearing, and we now conditionally grant a writ of mandamus and direct the court of appeals to vacate its order.

Nitla, a Mexican pharmaceutical company, sued Bank of America (BOA) in 1996. Nitla claimed that BOA misappropriated over $24 million of Nitla's funds on deposit. During discovery, Nitla asked BOA to produce certain documents. BOA resisted and asserted the attorney-client and work-product privileges. After an *in camera* inspection and a hearing, the trial court identified numerous documents that it determined BOA should produce. BOA asked the trial court to stay production until BOA decided whether to seek emergency relief in the court of appeals. Rather than issue an order, the trial court requested additional briefing and scheduled another hearing. The trial court also indicated it would order BOA to produce any nonprivileged documents at that time.

At the second hearing, after considering the additional briefing and oral arguments, the trial court ordered BOA to produce the previously identified docu-

ments. BOA again asked the trial court to stay production, arguing that if Nitla's counsel reviewed the documents, BOA would be irreparably harmed. Moreover, BOA argued that if Nitla's counsel reviewed the documents and the court of appeals determined them privileged, Nitla's counsel could be disqualified. Nevertheless, the trial court granted, in part, Nitla's motion to compel production. The trial court next handed the documents, which were under the trial court's control, directly to Nitla's counsel. This enabled Nitla's counsel to review the documents before BOA could seek mandamus relief.

Later that same day, BOA notified Nitla by fax that it still believed all the tendered documents were privileged. BOA also asked Nitla not to review or distribute the documents, because BOA would seek mandamus relief. However, Nitla's counsel relied on the trial court's order and reviewed the documents.

After BOA filed for mandamus relief, the court of appeals abated the proceeding to allow the trial court's new judge to reconsider his predecessor's decision. After another hearing, the trial court again overruled BOA's objection that the documents were privileged. However, the trial court ordered Nitla to return the documents to BOA pending appellate review. Nitla complied with this order. BOA then reurged its mandamus petition in the court of appeals, and the court of appeals held that most of the documents were privileged.

BOA then moved to disqualify Nitla's counsel, alleging that Nitla's counsel "disregarded their ethical and professional obligations to gain an unfair advantage" when they reviewed the privileged documents. BOA also argued that the *Meador* factors support disqualification. *See In re Meador*, 968 S.W.2d 346, 351–52 (Tex. 1998) (discussing six factors a trial court should consider when deciding whether to disqualify an attorney who receives privileged information outside the normal course of discovery).

After a hearing, the trial court denied BOA's motion to disqualify. Even though the trial court found that Nitla had extensively reviewed the documents and that BOA had "clean hands," the trial court denied the disqualification motion because it found: (1) Nitla's counsel did not act unprofessionally or violate any disciplinary rules; (2) Nitla's counsel did not obtain the documents wrongfully, but rather, after a judicial proceeding; and (3) no competent evidence showed that Nitla's counsel had developed its trial strategy based on the documents. Moreover, the trial court determined that it had less severe measures available to prevent Nitla from using the privileged information to gain unfair advantage.

BOA sought mandamus relief from the trial court's order denying disqualification. The court of appeals reviewed the trial court's decision under *Meador*, 968 S.W.2d at 346. The court of appeals determined that, although two *Meador* factors supported the trial court's order, two other *Meador* factors overwhelmingly supported disqualification. *Bank of Am.*, 45 S.W.3d at 245. The court of appeals then concluded that the trial court could have reached only one decision under *Meador*—to disqualify Nitla's counsel. Therefore, the court of appeals conditionally issued the writ. *Bank of Am.*, 45 S.W.3d at 245.

Nitla petitioned this Court to mandamus the court of appeals. After we denied the petition, Nitla filed a motion for rehearing, again asking that we issue mandamus to vacate the court of appeals' judgment. Nitla contends that the trial court correctly refused to disqualify Nitla's counsel, because BOA did not prove the disqualification grounds with specificity and did not

prove it would suffer actual harm. Furthermore, Nitla argues, the court of appeals misapplied *Meador* and improperly substituted its own judgment for the trial court's judgment. In response, BOA claims that the court of appeals correctly applied *Meador.* BOA asserts: Nitla improperly reviewed the documents when it knew BOA intended to seek appellate relief; Nitla's actions irreparably harmed BOA; and there is no evidence that disqualification would harm Nitla. Therefore, BOA argues, the court of appeals properly issued mandamus against the trial court. We disagree.

Mandamus is an extraordinary remedy that will issue to correct a clear abuse of discretion only if the relator lacks an adequate appellate remedy. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A party generally lacks an adequate appellate remedy if its counsel is disqualified. *Mendoza v. Eighth Court of Appeals,* 917 S.W.2d 787, 789–90 (Tex.1996). Thus, the pertinent inquiry here is whether the trial court abused its discretion in refusing to disqualify Nitla's counsel. *See Meador,* 968 S.W.2d at 350. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment. *Walker,* 827 S.W.2d at 839. Nor may a reviewing court set aside the trial court's finding unless it is clear from the record that the trial court could only reach one decision. *Walker,* 827 S.W.2d at 840. In determining whether a court of appeals abuses its discretion by granting mandamus relief, our focus remains on the trial court's ruling. *Meador,* 968 S.W.2d at 350.

"Disqualification is a severe remedy." *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990). It can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *See Hoggard v. Snodgrass,* 770 S.W.2d 577, 581 (Tex.App.-Dallas 1989, orig. proceeding). In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic. *Spears,* 797 S.W.2d at 656. This Court often looks to the disciplinary rules to decide disqualification issues. *Meador,* 968 S.W.2d at 350. However, the disciplinary rules are merely guidelines—not controlling standards—for disqualification motions. *Meador,* 968 S.W.2d at 350. Even if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification. *See In re Users Sys. Servs., Inc.,* 22 S.W.3d 331, 336 (Tex.1999); *Meador,* 968 S.W.2d at 350; *Ayres v. Canales,* 790 S.W.2d 554, 558 (Tex.1990). And, under appropriate circumstances, a trial court has the power to disqualify a lawyer even if he has not violated a specific disciplinary rule. *See Users Sys.,* 22 S.W.3d at 334; *Meador,* 968 S.W.2d at 351.

In *Meador,* we acknowledged that there are undoubtedly some situations when a party's lawyer who reviews another party's privileged information must be disqualified, even though the lawyer did not participate in obtaining the information. *Meador,* 968 S.W.2d at 351. However, we did not articulate a bright-line standard for disqualification in such situations. *Meador,* 968 S.W.2d at 351. Instead, we determined that a trial court must consider the importance of our discovery privileges along with all the facts and circumstances

to decide "whether the interests of justice require disqualification." *Meador*, 968 S.W.2d at 351. We then identified six factors a trial court should consider when a lawyer receives an opponent's privileged materials. *Meador*, 968 S.W.2d at 351–52. However, we emphasized that "these factors apply *only* when a lawyer receives an opponent's privileged materials *outside the normal course of discovery.*" *Meador*, 968 S.W.2d at 352 (emphasis added).

Here, the trial court determined that Nitla's counsel did not violate a disciplinary rule. Consequently, the disciplinary rules provide no guidance. *See Meador*, 968 S.W.2d at 350. Moreover, Nitla's counsel received the documents directly from the trial court in a discovery hearing. Thus, the six *Meador* factors do not apply. *See Meador*, 968 S.W.2d at 352. We have not defined a precise standard for disqualification in such circumstances. *See Meador*, 968 S.W.2d at 352. Nevertheless, the trial court referred to the appropriate guiding principles when it denied BOA's motion to disqualify. *See Downer*, 701 S.W.2d at 241–42.

■ In disqualification cases, our analysis begins with the premise that disqualification is a severe measure that can result in immediate harm, because it deprives a party of its chosen counsel and can disrupt court proceedings. *See Spears*, 797 S.W.2d at 656; *Hoggard*, 770 S.W.2d at 581. Consequently, when a party receives documents from a trial court, and a reviewing court later deems the documents privileged, the party moving to disqualify opposing counsel must show that: (1) opposing counsel's reviewing the privileged documents caused actual harm to the moving party; and (2) disqualification is necessary, because the trial court lacks any lesser means to remedy the moving party's harm. *See Users Sys.*, 22 S.W.3d at 336;

*Meador*, 968 S.W.2d at 350; *Ayres*, 790 S.W.2d at 558.

■ We conclude that the trial court correctly applied these principles. Thus, we hold that the trial court did not abuse its discretion when it denied BOA's motion to disqualify Nitla's counsel. At the disqualification hearing, the trial court focused on whether BOA proved it suffered actual prejudice. *See Users Sys.*, 22 S.W.3d at 336; *Meador*, 968 S.W.2d at 350; *Ayres*, 790 S.W.2d at 558. BOA argued that the mere fact that Nitla had extensively reviewed the privileged documents demonstrated prejudice to BOA. However, BOA could not show that Nitla's trial strategy had significantly changed after reviewing the documents. Indeed, BOA could only demonstrate that reviewing the documents might have enabled Nitla's counsel to identify four new witnesses to depose, and that this additional testimony could potentially harm BOA. Recognizing that disqualification is a severe measure, the trial court determined that less severe measures, such as quashing depositions, could cure BOA's alleged harm. *See Spears*, 797 S.W.2d at 656; *Hoggard*, 770 S.W.2d at 581. Accordingly, the trial court concluded that disqualification was neither a necessary nor an appropriate remedy.

The court of appeals, in contrast, abused its discretion when it conditionally issued mandamus and ordered the trial court to disqualify Nitla's counsel. *See Walker*, 827 S.W.2d at 839–40. The court of appeals recognized that Nitla's counsel did not obtain the documents through any wrongdoing. *Bank of Am.*, 45 S.W.3d at 242. Nonetheless, it explicitly applied the *Meador* factors and determined that some factors supported the trial court's order whereas others did not. *Bank of Am.*, 45 S.W.3d at 245. In so doing, the court of appeals misapplied the law.

Accordingly, we grant Nitla's motion for rehearing. Without hearing oral argument, we conditionally grant a writ of mandamus and direct the court of appeals to vacate its order. *See* Tex.R.App. P. 52.8(c).