Affirmed and Opinion filed December 12, 2002














Affirmed and
Opinion filed December 12, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01112-CV

_______________

 

LAXMI D.
SARWAL, Appellant

 

V.

 

MARCIA HILL, R.N., Appellee

_______________________________________________

 

On Appeal from
the 165th District Court

Harris County, Texas

Trial Court
Cause No. 00-46411

_______________________________________________

 

O P I N I O N

 

            Laxmi D. Sarwal appeals the dismissal of her lawsuit against Marcia
Hill for failure to file an expert report on the ground that she is asserting a
non-health care liability claim that is not subject to the requirement to file
such a report.  We affirm.

                                                                   Background

            In September of 1998, Hill, a nurse,
administered to Sarwal a hair removal procedure known
as EpiLight, which allegedly caused Sarwal burns and permanent and disfiguring scarring.  Sarwal sued Hill,[1] Hill
filed a motion to dismiss Sarwal’s lawsuit for
failure to file an expert report, and the trial court granted Hill’s motion,
ruling that Sarwal’s allegations were governed by
article 4590i.[2]

                                                            Standard of Review

            Dismissal of a cause of action under
article 4590i for failure to file an expert report is reviewed for abuse of
discretion.  Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875, 877 (Tex.
2001).  Under an abuse of discretion
standard,  we may not set aside a trial
court’s ruling unless it is clear from the record that the trial court could
only have reached one decision.  In re Nitla S.A.
de C.V., 45 Tex. Sup. Ct.
J. 571, 2002 WL 534089, at *3 (Apr. 11,
 2002).

                                                    Health Care Liability Claim

            A health care liability claimant
must file an expert report substantiating the claim within 180 days of filing
suit or voluntarily nonsuit the action.  See Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2003).  Upon a failure to comply with this
requirement and a request by the defendant health care provider, the trial
court must dismiss the suit with prejudice. 
See id. § 13.01(e).  A “health
care liability claim,” is defined as:

a cause of
action against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care
or health care or safety which proximately results in injury to or death of the
patient, whether the patient’s claim or cause of action sounds in tort or
contract.

Id. §
1.03(a)(4).

            In this case, Sarwal’s
sole issue argues that her case should not have been dismissed for failing to
file an expert report under the foregoing provisions because hers is not a
“health care liability claim” subject to the requirement to file such a
report.  Rather, Sarwal
contends that the removal of body hair by Epilight is
in the nature of a haircut or manicure and thus involves no medical care,
diagnosis, treatment, or any inquiry into whether Hill’s actions fell below the
standard of medical or health care. 
Therefore, Sarwal contends that her claim
against Hill is a common law negligence claim rather than (or as well as) a
health care liability claim.  However, at
the time of the dismissal, the body of Sarwal’s live
pleading read as follows:

 

                                                   JURISDICTION
AND VENUE

 

 class=Section2>

1.  Plaintiff is a resident citizen of Harris
County, Texas and all acts complained of occurred in Harris County, Texas.
Service has been obtained and Answer filed.

                                       STATUTORY COMPLIANCE

2.  Plaintiff has complied with the provisions of
Art. 4590i, of the Medical Liability and Improvement Act of the State of Texas.

                                                            FACTS

3.  On September 10, 1998, Plaintiff Sarwal
became a patient of Suzanne Bruce, M.D., a Dermatologist in Houston, Texas, with the
intent of having several moles, ingrown hairs, and a bump on her head
removed.  In the offices plaintiff saw
advertisements for “permanent hair removal in 3 treatments” by EpiLight treatment. 
Plaintiff inquired and Dr. Bruce explained the treatment, and then asked
one of her employees to do a test patch for risk assessment to determine
suitability for the treatment.  The test
patch was done and caused slight warmness and redness, but no pain.  The redness disappeared within two days, as Dr.
Bruce indicated it would.  On September
26, Mrs. Sarwal received her first EpiLight treatment by Nurse Marcia Hill, a Registered
Nurse.  Nurse Hill criticized the fact
that the test patch was done by Denise, a clerk in the office who treated
herself with EpiLight.  Ms. Hill informed Plaintiff that she was the
only person in the offices that was qualified to administer EpiLight
treatments.  The first treatment by EpiLight was painfully hot, enough to cause tears, and
complaints to Hill that it was painful and burning her.  Defendant Hill told Plaintiff that the more
it burned the more hair it killed.

4.  Plaintiff’s skin began sloughing off and she
informed nurse Hill of the pain and the sloughing.

5.  Plaintiff began trying to reach Dr. Bruce
through nurse Hill, Denise, or the receptionist for approximately two months,
and was repeatedly told by nurse Hill that Dr. Bruce had appointments and she
could not take the calls.  She was told
that it would be several weeks before Dr. Bruce could make an appointment
because she was so busy.

6.  Plaintiff dropped in at the office but could
not get in to see Dr. Bruce. Nurse Hill would give Plaintiff samples of
ointments and prescribe application of the ointments for the burns.  Defendant told her that the sloughing of
tissue was normal.  The burn was bad
enough that it was obviously scarring.

7.  Finally, on December 2, 1998, some 66 days following the
initial burning. Plaintiff just dropped into the offices and saw Dr. Bruce in
the office.  Plaintiff immediately talked
to Dr. Bruce and told her about the burning and sloughing of tissue.  Dr. Bruce examined Plaintiff and exclaimed,
“Marcia has burned you terribly, and I don*t know what to do
for it.”  She prescribed ointments and
made an effort.

8.  Plaintiff suffered permanent unsightly square
and rectangular splotches of destroyed pigmentation, scarring that is permanent
and disfiguring.  Plaintiff cannot get
outside in the sunlight without fully covering her skin.  Hot weather causes her arms, legs and face to
sting severely in the outside heat especially on sunny days.  It is embarrassing for her to have people
stare at her; to have co-workers or visitors ask her about the
discoloration.  Her employers in the
health field have asked her to keep her arms covered to avoid patient inquiries
about her condition.

                        BREACHES
OF THE STANDARDS OF CARE

9.  Plaintiff alleges that nurse Marcia Hill breached nursing standards of care, and violated Texas Nurse Practice Act
Regulations and Rules, Rule 217.11(1) (2) (3) & (5), creating a per se
negligence issue, in the following
particulars:

(1)a.  In failing to know the rationale for and the
effects of medications and treatments and correctly administer the same;

     b. 
Implement measures to promote a safe environment for clients and others;

      c. 
Evaluating the client*s
responses to nursing interventions;

(2)
In failing to explain to Plaintiff that a person of her complexion placed her
in a group for which the EpiLight removal therapy was
not recommended;

(3)
In failing to cease using the EpiLight treatment when
the first treatment by Defendant Hill burned Mrs. Sarwal
so deeply that it caused sloughing of tissue.

(4)
In failing to inform Dr. Bruce about the burns and asking her to examine them.

(5)
By practicing medicine without a license, by treating Mrs. Sarwal*s burns without
consulting Dr. Bruce, with sample ointments in the office.

(6)
By refusing to schedule appointments for Mrs. Sarwal
when she requested to see the doctor.

(7)
By actively interfering with the Plaintiff’s right to see the doctor for the
burns for more than two months.

                                                        DAMAGES

7.  [sic] 
Defendant Hill*s
actions have caused Plaintiff temporary and permanent damages, as follows:

a.  Physical pain and mental anguish in the past
and future;

b.  Permanent scarring through permanent loss of
pigmentation;

c.  Permanent disfigurement;

c.  [sic] 
Embarrassment and humiliation in the past and future;

d.  Necessary treatment and care in the past and
future to hide the discoloration and disfigurement;

e.  Replacement of suitable clothing frequently;

f.  Continual healthcare with ointments and
herbal creams to promote any redevelopment of pigmentation;

                                                          PRAYER

8.  [sic] 
Plaintiff prays that upon trial of this case she shall be awarded
damages in a just and reasonable amount, within the jurisdictional limits of
this Court, for interest thereon from the date of said injuries until paid, for
costs of court, and such sums as the Court and jury may find.  

 class=Section3>

(emphasis
added).

Whether or
not the factual allegations in Sarwal’s petition
could have supported a non-health care liability claim for common law
negligence had such a claim been asserted, which we do not decide, the cause(s)
of action asserted in her petition, even liberally construed, are framed only
as health care liability claims.  In
addition to representing in paragraph 2 that she complied with article 4590i,
as that provision requires,[3] Sarwal’s petition consistently refers to Epilight as a “treatment” or “therapy” and affirmatively
states that Hill’s allegedly deficient actions and omissions were all breaches
of the nursing standard of care. 
Therefore, to whatever extent any of those actions or omissions could
have stated a claim outside the realm of Hill’s professional knowledge,
judgment, and performance, they were simply not cast as such in this case.[4]  Because Sarwal thus
alleged only a health care liability claim against Hill, she has failed to
demonstrate error by the trial court in dismissing her action for failure to
file an expert report.  Accordingly, her
issue is overruled, and the judgment of the trial court is affirmed.

 

                                                                                                            

                                                                                                /s/        Richard H. Edelman

                                                                                                            Justice

 

Judgment
affirmed and Opinion filed December
 12, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











[1]  Sarwal also sued
Dr. Suzanne Bruce, Hill’s employer, but later nonsuited
Bruce.





[2]  See Tex. Rev. Civ. Stat.
Ann. art. 4590i (Vernon Supp.
2003).





[3]  See Tex. Rev. Civ. Stat. Ann. art.
4590i, § 4.01(b).





[4]  Even a liberal construction cannot derive a meaning
that is different from or contrary to that which is plainly stated.  Moreover, the fact that Sarwal
had amended her petition twice after the filing of Hill’s motion to dismiss
suggests that the decision to frame her claims in this manner resulted from
careful consideration rather than inadvertence.