**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00068-CV**

_____

**IN RE MID CENTURY INSURANCE COMPANY OF TEXAS**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

Relator, Mid Century Insurance Company of Texas, requested mandamus and temporary relief from an order of the 60th District Court of Jefferson County, Texas. The order compelled counsel for the driver of a vehicle insured by a policy issued by Relator to produce his complete defense file from the underlying litigation to the representative of the driver's estate in subsequent litigation between Relator and the assignees of the insureds' claims against Relator. We stayed the trial court's order and requested a response from the real parties in interest. After reviewing the mandamus petition, the mandamus record, and the

1

response of the real parties in interest, Billie Hebert and Horace Hebert, we lift our stay order and deny mandamus relief.

An insurance policy issued to Tammy Hanusch and Eric Hanusch covered a vehicle driven by Robert Conrad in an accident that injured the Heberts. The Heberts offered to settle for policy limits, but ultimately filed suit. *See generally Conrad v. Hebert*, 01-09-00331-CV, 2010 WL 2431461, at *1-4 (Tex. App.—Houston [1st Dist.] June 17, 2010, pet. denied) (mem. op.) (describing settlement dispute). The personal injury litigation resulted in a judgment in excess of policy limits. The trial court issued a turnover order for the dependent administrator of Conrad's estate to turn over any assignable causes of action to the Heberts. The active litigation concerning this matter includes Relator's declaratory judgment action consolidated with a *Stowers* claim asserted by the Heberts under the assignments of Conrad's claims against Relator. *See generally G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 548 (Tex. Comm'n App. 1929, holding approved). The Heberts obtained an assignment of the right to waive any attorney-client or work product privileges, then sought the attorney's defense file through subpoena duces tecum and moved to compel his compliance. The attorney produced the file and privilege log *in camera*. On February 4, 2014, the trial court

2

granted the motion to compel and ordered that the file be turned over to the administrator of Conrad's estate.

Relator contends the file is not relevant to the litigation and contains attorney work product and privileged communications between defense counsel and Relator. The attorney commenced representation after the settlement demand deadline expired, but the documents in the file explain the evaluation of the claim covered by the policy. The trial court could reasonably have concluded that the Heberts' request for the litigation file was reasonably calculated to lead to the discovery of admissible evidence and shows a reasonable expectation of obtaining information that will aid in the dispute's resolution. *See* Tex. R. Civ. P. 192.3; *see also In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).

Relator contends the file contains confidential communications between counsel and a representative of the client and contains core work product of the attorney. *See* Tex. R. Evid. 503(b)(1); *see also* Tex. R. Civ. P. 192.5(b). The Heberts do not challenge the privileged nature of the documents in the file but argue that the privileges belong to Conrad and have been waived through the assignments of claims. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 224 S.W.3d 806, 812-14 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Relator contends that Conrad's waiver of privileges could not affect any privileges Relator possesses

by virtue of the tripartite relationship between counsel, the insured, and the insurer. For authority Relator relies on the Texas Supreme Court's statement that "we have never held that an insurance defense lawyer *cannot* represent both the insurer and the insured, only that the lawyer *must* represent the insured and protect his interests from compromise by the insurer." *Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 42 (Tex. 2008) (emphasis in original); *but see Employers Cas. Co. v. Tilley*, 496 S.W.2d 552, 558-59 (Tex. 1973) (the attorney's unqualified loyalty belongs to the insured); *see also In re XL Specialty Ins. Co.,* 373 S.W.3d 46 (Tex. 2012).

Relator essentially argues for an extension of existing law to establish an abuse of discretion by the trial court. "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). However, the trial court did not disregard established rules and principles when it declined to recognize the insurance company's assertion of privilege in the face of the insured's assignment of the *Stowers* claim and the right to waive attorney-client and work product privileges. *See Gen. Agents*, 224 S.W.3d at 814.

Relator is not entitled to mandamus relief because it failed to establish an abuse of discretion by the trial court. We lift our temporary order staying the trial court's order compelling production and deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on February 24, 2014
Opinion Delivered March 13, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.