# NO. 12-19-00317-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BONNIE B. DOYLE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Bonnie Doyle seeks mandamus relief from the trial court's temporary orders awarding Bennie Doyle exclusive occupancy of their residence.[1] We deny the writ.

## BACKGROUND

Bonnie and Bennie began living together as husband and wife in November 2010. They were formally married in December 2012. Bonnie filed a petition for divorce in March 2017. In May, Respondent conducted a hearing on temporary orders after which Respondent awarded Bonnie temporary exclusive use of the residence located on Joe Pool Lane. The parties purchased the residence in June 2012. Shortly after the hearing, the parties attempted to reconcile, and Bennie moved back into the home until March 2019. In April, Bennie filed a first amended counterpetition for divorce, in which he requested that the residence be sold and that Respondent make appropriate orders regarding the use and enjoyment of the residence. Bennie filed a motion to modify temporary orders on August 23, 2019.

In September 2019, at a hearing on Bennie's motion to modify temporary orders, Respondent heard evidence that Palm Harbor Homes made an offer to purchase the residence. There was also evidence that the home was deteriorating and experiencing flooding issues and that

---

[1] The Respondent is the Honorable Scott McKee, Judge of the 392nd Judicial District Court, in Henderson County, Texas. The underlying proceeding is trial court cause number FAM17-0152-392, styled ***In the Matter of the Marriage of Bonnie Broussard Doyle and Bennie Wayne Doyle***.

Bonnie did not cooperate with the maintenance and repair attempts. As a result, Respondent found that the value of the residence would continue to depreciate if Bonnie continued to reside there. Respondent appointed a receiver, ordered Bonnie to vacate the premises by October 1, 2019, and awarded Bennie exclusive occupancy of the residence starting October 1, 2019, during the pendency of the case or until the property is sold. This original proceeding followed.[2]

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus relief is available only if the relator establishes that the trial court abused its discretion and no adequate appellate remedy exists. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Review by mandamus of temporary orders under subchapter F of the family code is proper because those orders, other than an order appointing a receiver, are not subject to interlocutory appeal under the family code. *See* TEX. FAM. CODE. ANN. § 6.507 (West 2006); *In re Vitol, Inc.*, No. 14-10-00049-CV, 2010 WL 308792, *1 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (per curiam) (mem. op.).

## ABUSE OF DISCRETION

Bonnie contends Respondent abused his discretion when he issued the temporary orders and awarded Bennie exclusive occupancy of the residence during the pendency of the divorce. Specifically, she urges that Section 6.501 of the Texas Family Code does not authorize a trial court to evict a spouse from her residence.[3]

**Applicable Law**

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., L.C.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker*, 827 S.W.2d at 839. This standard has different applications in different

---

[2] Bonnie filed a direct appeal of the order appointing a receiver, and that appeal is currently pending.

[3] To the extent Bonnie argues the residence at issue is separate property, she did not make this argument in the trial court and cannot argue it for the first time in this mandamus proceeding. TEX, R. APP. P. 33.1; *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig. proceeding).

2

circumstances. *Walker*, 827 S.W.2d at 839. When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id*. Thus, we cannot set aside the trial court's finding unless it is clear from the record that the trial court could have reached only one decision. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 849. This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

Under Section 6.501 of the family code, after a petition for divorce has been filed, the court may grant a temporary restraining order (TRO) *without notice* to the adverse party for the preservation of property and for the protection of the parties. TEX. FAM. CODE ANN. § 6.501(a) (West Supp. 2019). However, the TRO may not include a provision excluding a spouse from a residence where the party is living except as provided in a protective order. *Id.* § 6.501(b)(2)(A).

Section 6.502, on the other hand, allows for various temporary orders and injunctive relief after notice and a hearing. *See id.* § 6.502 (West Supp. 2019); *In re R.E.D.*, 278 SW.3d 850, 853 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (agreed temporary injunction prohibited both parties from selling or transferring any personal or real property, whether separate or community). This includes a temporary order "awarding one spouse exclusive occupancy of the residence during the pendency of the case." TEX. FAM. CODE ANN. § 6.502(a)(6); *see Wright v. Wright*, 280 S.W.3d 901, 913 (Tex. App.—Eastland 2009, no pet); *see also In re Frost*, No. 12-08-00154-CV, 2008 WL 2122597, at *1 n.2 (Tex. App.—Tyler May 21, 2008, orig. proceeding) (mem. op.) (temporary orders did not designate exclusive use of residence but prohibited either spouse from excluding the other from access to any residence).

**Analysis**

In September 2019, Respondent conducted a hearing on Bennie's motion to modify temporary orders. In part, Bennie's motion sought to exclude Bonnie from the residence on Joe Pool Lane and asked Respondent to grant him exclusive occupancy of the residence. Bonnie appeared at the hearing with counsel. Bonnie's attorney withdrew at the beginning of the hearing and Respondent denied her oral motion for a continuance. Bonnie represented herself for the remainder of the hearing. At the conclusion of the hearing, Respondent appointed a receiver and awarded Bennie exclusive occupancy of the property. Bonnie contends this order exceeded

3

Respondent's authority because such an order is not permitted under Section 6.501, which she contends Respondent failed to apply.

However, the order explicitly states that Respondent acted pursuant to Section 6.502, not Section 6.501. As previously stated, unlike Section 6.501, Section 6.502 allows for temporary orders after notice and a hearing, including a temporary order for exclusive use of the residence. *See* TEX. FAM. CODE ANN. § 6.502(a)(6); *see also* **R.E.D.**, 278 SW.3d at 853; **Wright**, 280 S.W.3d at 913; **In re Frost**, 2008 WL 2122597, at *1 n.2. Here, Bonnie received notice and a hearing on Bennie's motion to modify temporary orders. Accordingly, only after affording Bonnie notice and a hearing did Respondent award Bennie exclusive occupancy of the residence. As the family code makes clear, temporary orders issued under Section 6.502 may include relief that is not permitted under Section 6.501. *See* TEX. FAM. CODE ANN. §§ 6.501, 6.502 (listing several types of awards trial court may order). And Section 6.502(a)(6) expressly authorized Respondent to award Bennie exclusive occupancy of the residence during the case's pendency. Therefore, we conclude Respondent did not exceed his authority or abuse his discretion by signing a temporary order that awarded Bennie exclusive possession of the residence under Section 6.502. Consequently, Bonnie fails to meet her burden of establishing both prerequisites to mandamus relief. *See* **State**, 355 S.W.3d at 613; *see also* **Walker**, 827 S.W.2d at 837.


## DISPOSITION

Having determined that Bonnie failed to establish an entitlement to mandamus relief, we ***deny*** the petition for writ of mandamus. We ***lift*** our stay of proceedings ordered on September 26, 2019.

**GREG NEELEY**
Justice

Opinion delivered January 15, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 15, 2020

NO. 12-19-00317-CV

**BONNIE B. DOYLE,**
Relator
V.

**HON. SCOTT MCKEE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Bonnie B. Doyle; who is the Relator in appellate Cause No. 12-19-00317-CV and a party in Cause No. FAM17-0152-392, pending on the docket of the 392nd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on September 23, 2019, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

It is further ORDERED that the Relator, **BONNIE B. DOYLE**, pay all costs incurred by reason of this proceeding.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*