

# NUMBER 13-21-00309-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CAMERON COUNTY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Chief Justice Contreras[1]**

In this original proceeding, relator Cameron County asserts that the trial court abused its discretion in disqualifying its counsel, Juan A. Gonzalez, in a lawsuit that Cameron County filed against Cameron County Sheriff Eric Garza in his individual and official capacities.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that "(1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Garza, and the applicable law, is of the opinion that Cameron County has not met its burden to obtain mandamus relief. Disqualification of a party's counsel is a harsh remedy and there are numerous reasons why such motions are not granted liberally. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding) (noting that disqualification "can result in significant expense to clients, disrupt the orderly progress of litigation, and deprive a party of the counsel of its choice"); *In re Thetford*, 574 S.W.3d 362, 373 (Tex. 2019) (orig. proceeding) (stating that disqualification "can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the

right to have its counsel of choice") (quoting *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam)). Nevertheless, in certain extraordinary circumstances, important policy considerations compel disqualification "to protect the integrity of the trial process and judicial system as a whole." *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 826 (Tex. 2010) (orig. proceeding). This original proceeding represents one such case.

We lift the stay previously imposed in this original proceeding. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified an order granting temporary relief is effective until the case is finally decided."). After applying an exacting standard for reviewing the disqualification order, we deny the petition for writ of mandamus. *See id.* R. 52.8(a), (d).


DORI CONTRERAS
Chief Justice

Delivered and filed on the
19th day of October, 2021.

3