

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00002-CV

IN RE META PLATFORMS, INC.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Relator, Meta Platforms, Inc., f/k/a/ Facebook, Inc. (Meta), has filed a petition for a writ of mandamus seeking relief from an order compelling the oral deposition of Mark Zuckerberg. Because we find no abuse of discretion in the trial court's ruling that the State of Texas met its burden to show entitlement to the apex deposition, we deny the writ.

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "Mandamus relief is only appropriate when the relators have established that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). Mandamus review is available when the trial court allows an apex deposition to move forward. *See In re Taylor*, 401 S.W.3d 69, 72 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

"When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (per curiam) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). As a result, we may not "set aside the trial court's [order] unless it is clear from the record that the trial court could only reach one decision." *Id.*

"When a party seeks to depose a corporate president or other high-level corporate official, 'the trial court should first determine whether the party seeking the deposition has arguably shown that the official has any unique or superior personal knowledge of discoverable information.'" *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 40 (Tex. 2021) (per curiam) (orig. proceeding) (quoting *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) (orig. proceeding)). "If that showing has not been made, the trial court must grant a protective order and 'first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods.'" *Id.* (quoting *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 128). A party seeking to depose an apex official may then do so only after a good-faith effort to secure the information sought by less intrusive methods and "only after establishing '(1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient, or inadequate.'" *Id.* (quoting *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 128).

On this record, it is undisputed that Zuckerberg is "at the apex of the corporate hierarchy," and as a result, the guidelines for taking his deposition as set forth by *Crown Central Petroleum Corp.* apply. *In re Am. Airlines, Inc.*, 634 S.W.3d at 41 (quoting *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 128). When a party seeks to conduct an apex deposition in the face of a "motion for protective order to prohibit the deposition accompanied by the official's affidavit denying any knowledge of relevant facts, the trial court should first determine whether the party seeking the deposition has arguably shown that the official has any unique or superior personal knowledge of discoverable information." *Crown Cent. Petroleum Corp. v. Garcia*, 904

3

S.W.2d 125, 128 (Tex. 1995) (orig. proceeding). "If the party seeking the deposition cannot show that the official has any unique or superior personal knowledge of discoverable information, the trial court should grant the motion for protective order and first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods." *Id.*

The State alleges Meta's use of facial recognition technology violated Section 503.001 of the Texas Business and Commerce Code and the Texas Deceptive Trade Practices Act. In seeking to obtain Zuckerberg's deposition, the State alleged that he had unique personal knowledge of discoverable information relevant to its claims.

Due to the confidential nature of the documents included in their opposition to Meta's motion for protective order, we decline to discuss the specifics included in the mandamus record. Instead, we state that we have examined and fully considered the petition for a writ of mandamus and mandamus record, which included documents filed under seal.[1] After doing so, we find that the trial court did not abuse its discretion by finding that the State met its burden under *Crown Central Petroleum Corp*. As a result, we deny the petition for a writ of mandamus.[2]

Jeff Rambin
Justice

Date Submitted: January 12, 2024
Date Decided: January 16, 2024

---

[1]We grant Meta's request to "file under seal the portions of the mandamus record that have been sealed by the trial court because they contain or discuss confidential, commercial sensitive, or proprietary information."

[2]We also deny Meta's accompanying motion for emergency relief.

4