

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00005-CV

---

IN RE NOVARTIS PHARMACEUTICALS CORPORATION

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relator Novartis Pharmaceuticals Corporation has filed a petition for a writ of mandamus seeking to dismiss a lawsuit filed in Harrison County under the Texas Medicaid Fraud Prevention Act (TMFPA)[1] arguing both that (1) the real party in interest, Health Selection Group, LLC (HSG), does not have standing to maintain this lawsuit and (2) the TMFPA's *qui tam* provisions are unconstitutional under the Texas Constitution.

The trial court denied Novartis's plea to the jurisdiction and motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure, which sought dismissal of HSG's case on these two bases. Because we find no abuse of discretion in the trial court's denial of relief under Rule 91a of the Texas Rules of Civil Procedure, we deny the petition.[2]

I.      **Standard for Mandamus**

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "Mandamus relief is only appropriate when the relators have established that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). Mandamus relief may be available when a trial court denies a Rule 91a motion to

---

[1]Act of May 26, 1995, 74th Leg., R.S., ch. 824, 1995 Tex. Gen. Laws 4202 (amended 1997, 2005, 2011, 2015, 2023) (current version at TEX. HUM. RES. CODE §§ 36.001–.132). The TMFPA was amended effective September 1, 2023, and it is now known as the Texas Health Care Program Fraud Prevention Act. Act of April 3, 2023, 88th Leg., R.S., ch. 273, §§ 2–15, 2023 Tex. Sess. Law Serv. 585, 585–89 (codified at TEX. HUM. RES. CODE §§ 36.001–.132). Novartis brings this action under a prior version of the act, the TMFPA.

[2]In conjunction with the petition for a writ of mandamus, Novartis filed a motion for a temporary stay of the trial court's proceedings. Because we deny the petition, that motion is also denied.

dismiss. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (recognizing "[m]andamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss"); *see also In re Shire PLC*, 633 S.W.3d 1, 11 (Tex. App.—Texarkana 2021, orig. proceeding).

"When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (per curiam) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). As a result, we may not "set aside the trial court's [order] unless it is clear from the record that the trial court could only reach one decision." *Id.*

## II. Conclusion

Having examined and fully considered the mandamus petition and record, the responses, the reply, and the applicable law, the Court is of the opinion that the mandamus petition should be denied.

Scott E. Stevens
Chief Justice

Date Submitted: February 29, 2024
Date Decided: March 1, 2024

3