**In re SOUTHWESTERN BELL YELLOW PAGES, INC., et al.**

No. 04–03–00944–CV.

Court of Appeals of Texas, San Antonio.

June 2, 2004.

Ricardo G. Cedillo, David Lopez, Davis, Cedillo & Mendoza, Inc., San Antonio, for appellant.

W. Wendell Hall, Rosemarie Kanusky, Lara Grant, Fulbright & Jaworski, L.L.P., Tammy Bruch Click, San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## MEMORANDUM OPINION

PHYLIS J. SPEEDLIN, Justice.

The motion for rehearing filed by the real parties in interest, Southwest–Tex Leasing Co., Inc. d/b/a Advantage Rent–A–Car ("Advantage") and Star Shuttle, Inc. ("Star Shuttle"), is denied. This court's opinion and order dated April 21, 2004, are withdrawn, and this opinion and order are substituted. We substitute this opinion to avoid creating the impression that this court made a factual finding of impropriety by counsel for Advantage and Star Shuttle.

The relators, Southwestern Bell Yellow Pages, Inc., Southwestern Bell Telecommunications, Inc. and Milton Porterfield (collectively, "SWB"), seek mandamus relief from an order disqualifying the law firm of Davis, Cedillo and Mendoza ("DCM") from representing SWB in a breach of contract suit brought by Advantage and Star Shuttle. We conditionally grant the writ of mandamus, and we order the trial court to withdraw its order disqualifying DCM from representing SWB in the breach of contract suit.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Ron Mendoza ("Mendoza") of DCM was hired to defend Star Shuttle in a personal injury suit arising out of a motor vehicle accident involving a Star Shuttle employee (the "*Clay*" suit"). In August 2003, Advantage sued SWB for breach of contract and other related claims based on the alleged omission of Advantage's advertisement from the 2001 Greater Austin Yellow Pages Directory. The original petition named Advantage as the sole plaintiff, but mentioned within the body of the pleading that Star Shuttle was a related entity which had also ordered advertising in the Austin Yellow Pages. In September 2003, Ricardo Cedillo ("Cedillo") and David Lopez ("Lopez") of DCM were retained to

defend SWB in the breach of contract suit by Advantage. DCM conducted a standard conflicts check and determined that the firm had never represented Advantage. DCM filed an answer on behalf of SWB and began conducting discovery.

A series of informal discussions ensued between counsel for Advantage and DCM regarding a potential conflict of interest; however, the parties were unable to reach an agreed resolution. On October 27, 2003, in response to DCM's position that there was no conflict on the face of the original pleadings, trial counsel for Advantage filed an amended petition adding Star Shuttle as an additional plaintiff. On November 12, 2003, Advantage filed a motion to disqualify DCM from representing SWB based on DCM's concurrent representation of Star Shuttle. After an evidentiary hearing, the trial court granted Advantage's motion to disqualify DCM. SWB subsequently filed this petition for a writ of mandamus challenging the order of disqualification.

### STANDARD OF REVIEW

■■■ Mandamus is an appropriate vehicle to obtain review of an order disqualifying an attorney. *National Medical Enterprises, Inc. v. Godbey,* 924 S.W.2d 123, 133 (Tex.1996). To obtain mandamus relief, SWB must show that the trial court's ruling was an abuse of discretion. *Id.* at 128. With respect to factual issues, an abuse of discretion is shown when the record establishes that the trial court could reasonably have reached only one decision. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may

result in appellate reversal by extraordinary writ. *Id.*

### ANALYSIS

■■■ Disqualification is a severe remedy which can result in immediate harm by depriving a party of the right to have counsel of its choice. *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990). Accordingly, in ruling on a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage use of disqualification as a dilatory trial tactic. *Id.; see also In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex. 2002). The movant bears the burden of proving that the attorney should be disqualified. *In re Meador,* 968 S.W.2d 346, 350 (Tex.1998). Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under the "exacting standard" required to grant a motion to disqualify. *Spears,* 797 S.W.2d at 656; *Meador,* 968 S.W.2d at 350. The court looks to the Texas disciplinary rules for guidance although the rules are not controlling standards. *Meador,* 968 S.W.2d at 350. Even if a lawyer has violated a disciplinary rule, the movant must still demonstrate that the lawyer's conduct caused actual prejudice that requires disqualification. *Nitla,* 92 S.W.3d at 422; *see also In re Davila,* 1999 WL 735164 *4 (Tex.App.-San Antonio 1999) (original proceeding) (not designated for publication) (concurring, Justice Green stated there must be "convincing proof" that the lawyer's continued representation would be "unduly harmful" to the movant).

■■■ While not encouraged, concurrent representation of adverse clients is permitted in Texas. *Conoco, Inc. v. Baskin,* 803 S.W.2d 416, 419 (Tex.App.-El Paso 1991, no writ). The Texas Disciplinary Rules of Professional Conduct set forth the limita-

tions on such concurrent representation. *See* Tex. Disciplinary R. Prof'l Conduct 1.06, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). Advantage's motion to disqualify DCM was based on an alleged violation of subsection (b)(2) of Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Disciplinary R. Prof'l Conduct 1.06(b)(2). A violation of Rule 1.06(b)(2) occurs if the lawyer's representation of one client "reasonably appears to be or become[s] adversely limited by the lawyer's or law firm's responsibilities to another client . . .". Tex. Disciplinary R. Prof'l Conduct 1.06(b)(2); *see Conoco,* 803 S.W.2d at 421 (noting that Rule 1.06(b)(2) sets a higher standard of professional conduct which requires only a showing of a "reasonable appearance" that representation of the movant is being adversely limited). Advantage argued at the hearing on the motion to disqualify that Mendoza's representation of Star Shuttle in the *Clay* suit was being "adversely limited" because of the risk that confidential information about Advantage's internal operating procedures might be revealed and used against it in the SWB litigation.

At the hearing, Advantage sought to meet its burden by presenting the testimony of its general counsel, Marshall Fein ("Fein"). Fein stated that he had refrained from discussing trial strategy and disclosing confidential information concerning Advantage's internal operations with Mendoza for fear it would be used by DCM against Advantage in the SWB suit. When pressed for specifics, Fein referred to a certain piece of confidential information that will "necessarily be disclosed" in the *Clay* suit which he believed could be used against Advantage in the SWB suit. Fein did not reveal any specifics about the particular item of confidential information and Advantage did not disclose the infor-

mation for an *in camera* evaluation by the trial court.

 Assuming, without deciding, that Advantage proved that Mendoza's representation reasonably appeared to be adversely limited by DCM's representation of SWB in violation of Rule 1.06(b)(2), we find that Advantage failed to prove that it suffered actual prejudice as a result of DCM's concurrent representation. *See Nitla,* 92 S.W.3d at 422 (even if a rule has been violated, the movant must show actual prejudice to warrant disqualification). The record before us does not show how a disclosure to DCM of confidential information concerning Advantage's operating procedures would prejudice Advantage in the SWB breach of contract suit. Further, the record does not reveal the nature of the particular item of confidential information alluded to by Fein. At most, Advantage showed a *potential* for prejudice *if* confidential information was disclosed which *might* be used against it in the SWB suit. *See id.* at 423 (movant failed to show actual prejudice based on disclosure of privileged documents to opposing counsel where it could only demonstrate that reviewing the documents "might" have enabled opposing counsel to identify four new witnesses and their testimony could "potentially" harm the movant); *see also Conoco,* 803 S.W.2d at 421–22 (finding no evidence of any exposure of client confidences and no "reasonable" appearance of unduly diminished representation to warrant disqualification under Rule 1.06(b)(2)). The mere allegation of potential prejudice is insufficient to warrant the extreme remedy of disqualification. *Ghidoni v. Stone Oak, Inc.,* 966 S.W.2d 573, 579 (Tex.App.-San Antonio 1998, pet. denied).

Based on this record, we find that Advantage failed to meet its burden of proof on actual prejudice and the trial court

abused its discretion in disqualifying DCM under Rule 1.06(b)(2) of the Texas Disciplinary Rules of Professional Conduct.[2] Accordingly, we conditionally grant the writ of mandamus. We presume the trial court will comply with this opinion; therefore, a writ will only issue if the trial judge fails to withdraw her order disqualifying DCM within ten days from the date of our opinion and order.

---

**2.** Given our disposition of this matter based on the lack of actual prejudice in the record, we need not address the issues of standing and waiver, or the interplay between Comment 11's example and subsection (b)(2) of Rule 1.06. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(b)(2) cmt. 11.