# NO. 12-19-00044-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DONNA LIEBBE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Donna Liebbe, filed this original proceeding in which she seeks an order requiring Respondent to vacate his order disqualifying Bill Liebbe from representing Donna and sign an order denying the motion to disqualify filed by the Real Party in Interest, Richard D. Whomble.[1] We deny the writ.

## BACKGROUND

In August 2018, Richard filed an application seeking to be appointed as the permanent guardian of the person and estate of Susan Whomble, who suffers from Alzheimer's disease and dementia. Richard alleged that he is the "husband of the Proposed Ward," and that he and Susan divorced in 2011 for financial reasons, but never separated and continued living together as husband and wife. Richard stated that he has been Susan's caregiver for several years. He further stated that, at a time when Susan lacked capacity, Donna obtained a power of attorney over Susan in July 2018, but is no longer acting under that power of attorney.

Donna, Susan's friend, filed a contest to Richard's application and an application to be appointed as Susan's permanent guardian. She alleged that Susan granted her a medical power of attorney in September 2016, a durable general power of attorney in July 2018, and told Donna that she preferred that Donna be appointed guardian. She further alleged that Richard is not Susan's

---

[1] Respondent is the Honorable Floyd T. Getz, Judge of the County Court at Law No. 3 in Smith County, Texas.

husband, Richard stated that he was not married to Susan in previous legal proceedings, and Susan publicly told several people on multiple occasions that she was not married to Richard. Donna maintained that Richard (1) took control of and mismanaged Susan's resources, (2) allowed Susan to drive and drink alcohol and isolated and secluded Susan from social activities, all against her neurologist's advice, (3) failed to assure that Susan takes her medications as prescribed, (4) used Susan's resources for his monetary and personal benefit without Susan's informed consent, and (5) gave Susan Ativan to chemically restrain her when she became agitated and attempted to escape from Richard. Bill, Donna's husband, signed the contest and application as her attorney.

On November 30, 2018, Richard filed a motion to disqualify Bill as Donna's counsel. He stated that Bill served as his counsel between 2014 and 2018 on two personal injury cases and Bill obtained confidential information during those proceedings, which he used to Richard's disadvantage in the guardianship proceeding. He further stated that Bill's legal assistant notarized the durable general power of attorney that Susan signed at Bill's office on July 10, 2018. Because Richard maintained that Susan lacked legal capacity to sign the power of attorney, he intended to call Bill, Donna, and Bill's legal assistant as witnesses to ascertain the circumstances of the power of attorney's preparation and execution. He maintained that Bill's acting as both a witness and an advocate created the potential for confusion and prejudice before the trier of fact. In response, Donna maintained that (1) Bill's representation would not involve disclosure of confidential information, (2) the car accident cases in which Bill represented Richard are not substantially related to the guardianship proceeding, (3) Bill did not witness the execution of the power of attorney and would not testify, and (4) the motion was filed for tactical reasons.

At a hearing on the motion, Richard's counsel stated that Bill represented Richard in a prior legal proceeding in which Richard testified at a deposition that he was not married to Susan. Additionally, Bill served production responses in the guardianship proceeding, including an information sheet on which Richard initially marked "married" but scratched it out and marked "single." Counsel maintained that disclosure of this information violated Rule 1.05 of the disciplinary rules of professional conduct and warranted disqualification under Rule 1.09. When Respondent asked Bill if he would have acquired the information had he not previously represented Richard, Bill replied, "That's speculative, Judge. I don't know."

Richard testified that he and Susan married in 1992, divorced in 2011, and remained living together as husband and wife, including holding themselves out to the public as spouses. He has

been Susan's sole caregiver and believed she is incapacitated. He testified that Bill served as his attorney in two previous cases. He admitted testifying under oath in 2016 that he was not married, but did not recall testifying to being single during a 2018 jury trial. Richard testified that he wanted to keep Susan out of the case. He testified, "I first marked married, and you and I were talking, and I said, what should I do about my wife? You said -- you said, well, just tell them it's your ex-wife and you're taking care of her because you still love her, and that's exactly what you said, Bill Liebbe." He did not give Bill authority to disclose any contents of his deposition or client information sheet, and Bill did not ask to disclose those contents. He expected the information on the client information sheet to remain confidential and to not be disclosed in a future lawsuit.

At the conclusion of the hearing, Respondent granted the motion to disqualify. Respondent signed an order to this effect on January 16, 2019. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Generally, a writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). There is no adequate remedy by appeal for an erroneous order disqualifying counsel. *Id.* at 383. Accordingly, Respondent's order of disqualification is reviewable by mandamus. *See id.*; *see also In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).

## ABUSE OF DISCRETION

In the proceedings below, Richard presented two grounds for disqualification: (1) Bill is a fact witness and is prohibited from serving as Donna's counsel under Rule 3.08 of the disciplinary rules; and (2) Bill violated Rule 1.05 of the disciplinary rules, which disqualified him under Rule 1.09. Respondent's order states that Bill should be disqualified under the rules of professional conduct, but does not specify the ground or grounds on which the ruling is based. In her petition for writ of mandamus, Donna argues that (1) there is no conflict of interest under Rule 1.09(a)(2) because the marital information communicated by Richard to Bill was not confidential under Rule 1.05(b)(1); (2) there is no conflict of interest under Rule 1.09(a)(2) and no violation of Rule 1.05(b)(3) because Richard's marital status was generally known, (3) Bill did not violate Rule

3

1.09(a)(3) because Richard failed to meet the "substantially related" test, (4) Richard failed to show actual prejudice, and (5) Bill is not disqualified under Rule 3.08 by the fact that the power of attorney was prepared and executed at his office.

**Standard of Review and Applicable Law**

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Cerberus Capital*, 164 S.W.3d at 382. This standard has different applications in different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id*. Thus, we cannot set aside the trial court's finding unless it is clear from the record that the trial court could have reached only one decision. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 840. This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

Disqualification of counsel is a severe remedy. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). Motions to disqualify should not be granted liberally. *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 825 (Tex. 2010) (orig. proceeding). Disqualification can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have its counsel of choice. *Nitla*, 92 S.W.3d at 422. "While the disciplinary rules are not controlling as standards governing motions to disqualify, they have been viewed by the courts as guidelines that articulate considerations relevant to the merits of such motions." *Spears*, 797 S.W.2d at 656. Technical compliance with ethical rules might not foreclose disqualification, and conversely a violation of ethical rules might not require disqualification. *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 334 (Tex. 1999) (orig. proceeding).

In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic. *Nitla*, 92 S.W.3d at 422. The burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *Spears*, 797 S.W.2d at 656. Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice to merit disqualification. *Id*.

4

Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct provides as follows:

> Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
>
> > (1) in which such other person questions the validity of the lawyer's services or work product for the former client;
> > (2) if the representation in reasonable probability will involve a violation of Rule 1.05; or
> > (3) if it is the same or a substantially related matter.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, App. A (West 2013) (TEX. STATE BAR R. art. X, § 9). Rule 1.09 does not absolutely prohibit a lawyer from representing a client in a matter adverse to a former client. *See id*. R. 1.09(a) & cmt. 3. A party seeking disqualification need not establish all three circumstances. Instead, Rule 1.09 prohibits the adverse representation, except with prior consent, where the party seeking disqualification shows the existence of "any of [the] three circumstances" enumerated in subparagraph (a). *See id*. R. 1.09(a) & cmt. 3; *see also* **Spradlin v. Jim Walter Homes, Inc.**, 34 S.W.3d 578, 581 (Tex. 2000) (use of disjunctive conjunction "or" between two phrases signifies a separation between two distinct ideas); **In re Butler**, 987 S.W.2d 221, 226 n.3 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) ("Rule 1.09(a)(2) provides a distinct and alternative basis for disqualification"); **Clarke v. Ruffino**, 819 S.W.2d 947, 950 (Tex. App.—Houston [14th Dist.] 1991, writ dism'd w.o.j.) ("[b]ecause of the 'or' strategically placed in this rule, there are now more than one bases for disqualification of an attorney").

**Analysis**

At issue in this case is Rule 1.09(a)(2), i.e., whether, without prior consent, Bill, who personally formerly represented Richard, thereafter represented Donna in a matter adverse to Richard and the representation in reasonable probability will involve a violation of Rule 1.05. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09(a)(2). Donna does not dispute that Bill's representation of her is adverse to Richard. Accordingly, we must determine whether Bill violated Rule 1.05. We begin by addressing Rule 1.05(b)(1), which provides that a lawyer shall not knowingly reveal a client or former client's confidential information to a person that the client has instructed is not to receive the information or anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm. *Id*. R. 1.05(b)(1).

Donna maintains that, under rule of evidence 503, Richard's marital status does not qualify as "confidential" because he and Susan did not intend to conceal information regarding their marital status from third parties.[2] Rule 503, which addresses the attorney-client privilege, defines a confidential communication as one "not intended to be disclosed to third persons other than those to whom disclosure is made to further the rendition of professional legal services to the client; or reasonably necessary to transmit the communication." TEX. R. EVID. 503(a)(5). Rule 1.05 contains a broader definition of confidential information, which encompasses (1) "privileged information," meaning a client's information protected by the lawyer-client privilege of Rule 503 or Federal evidentiary Rule 501; and (2) "unprivileged information," meaning all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of representation of the client. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05(a). Unlike Rule 503, Rule 1.05 "furnishes considerable protection to other information falling outside of the [attorney-client] privilege." *Id.* R. 1.05 cmt. 4. It expressly "extends ethical protection generally to unprivileged information relating to the client or furnished by the client during the course of or by reason of the representation of the client." *Id.* The term "confidential information" is to be construed very broadly and "covers a wide range of matters." *Sealed Party v. Sealed Party*, No. Civ.A. H-04-2229, 2006 WL 1207732, at *11 (S.D. Tex. May 4, 2006). Under Rule 1.05, "[a]n attorney generally owes a former client a continuing duty to not reveal to third parties confidential client information without the client's express or implicit permission." *Id.* at *14. This duty encompasses both privileged and unprivileged information, such as Richard's marital status, obtained from the client or acquired as a result of the representation. *See id.* Accordingly, for purposes of Rule 1.05, Richard's marital status relates to Richard or was furnished by Richard and acquired by Bill during the course of or by reason of

---

[2] Donna attached exhibits two through six to the appendix of her mandamus petition to demonstrate that the Whombles revealed their marital status to third parties. These exhibits include a release of judgment lien, a general warranty deed, a special warranty deed, a Texas Home Equity Security Instrument, and a warranty deed with Vendor's lien. The record does not demonstrate that these documents were presented to Respondent; thus, we cannot consider them in this proceeding. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 n.1 (Tex. App.—Tyler 2005, orig. proceeding); *see also In re Harrison*, No. 14-15-00370-CV, 2015 WL 5935816, at *6 (Tex. App.—Houston [14th Dist.] Oct. 13, 2015, orig. proceeding) (mem. op.); *In re Garcia*, No. 05-04-00010-CV, 2004 WL 52080, at *1 (Tex. App.—Dallas Jan. 13, 2004, orig. proceeding) (mem. op.). Nor was Richard's deposition admitted into evidence at the disqualification hearing; however, Richard testified that he stated under oath on April 11, 2016, the date of the deposition, that he was not married.

Bill's representation of Richard. Thus, it serves as unprivileged information and is considered confidential for purposes of Rule 1.05.

The record further demonstrates that in the guardianship proceeding Bill knowingly revealed, without consent, Richard's marital status to those other than Richard, Richard's representatives, or the members, associates, or employees of Bill's law firm. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05(b)(1). However, Donna contends that Richard waived any confidentiality by testifying at his deposition that he was not married and that he and Susan were divorced. We disagree. Rule 1.09 is primarily for the protection of clients and its protections can be waived "only if there is consent after disclosure of the relevant circumstances, including the lawyer's past or intended role on behalf of each client, as appropriate." *Id*. R. 1.09 cmt. 10. Moreover, even when third parties might discover the information on their own, an attorney has a continuing fiduciary duty not to be the conduit or source of others learning about that information. *See Sealed Party*, 2006 WL 1207732, at \*14. Rule 1.05(b)(1) precludes an attorney from "revealing" a former client's confidential information, regardless of whether or not the information is or becomes generally known. *Id*. at \*15.

Donna also argues that if all privileged and unprivileged client information is considered confidential information that cannot be disclosed under Rule 1.05(b)(1), a "lawyer representing a client in a personal injury case would be in violation of this rule if the lawyer answered discovery." She maintains that certain information, such as the client's name, birth date, education, relevant medical history, address, and marital status, is within the scope of discovery under rule of civil procedure 192.3 and could never be revealed during discovery if encompassed by the definition of "confidential information."

Texas Rule of Civil Procedure 192.3, which governs the scope of discovery, states as follows: "In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." TEX. R. CIV. P. 192.3(a). Rule 1.05 contemplates situations in which an attorney may reveal confidential information. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05(c). These situations include the following: (1) the lawyer has been expressly authorized to do so in order to carry out the representation; (2) the client consents after consultation; or (3) the lawyer has reason to believe it is necessary to do so in order to comply with a court order, a disciplinary rule of professional conduct, or other law.

*See id*. Rule 1.05(d) further provides, in pertinent part, that an attorney may reveal unprivileged client information when: (1) impliedly authorized to do so in order to carry out the representation; or (2) the lawyer has reason to believe it is necessary to do so in order to carry out the representation effectively. *See id*. R. 1.05(d). "The exceptions to the blanket rule of confidentiality permitting an attorney to 'reveal' client information are balanced to enable an attorney to perform services for the client by communicating client information to opponents and others formally in court pleadings and correspondence, and informally either to further the goals of the representation or to protect the attorney in defense of claims against him." *Sealed Party*, 2006 WL 1207732, at \*12; TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05 cmt. 6 ("[a] lawyer may be expressly authorized to make disclosures to carry out the representation and generally is recognized as having implied-in-fact authority to make disclosures about a client when appropriate in carrying out the representation to the extent that the client's instructions do not limit that authority"). Accordingly, subsections (c) and (d) of Rule 1.05 alleviate the types of discovery concerns Donna raises.

Donna further complains that Richard was required to show actual prejudice and failed to do so. She cites several cases to support this position, but these cases do not address actual prejudice in the context of Rule 1.09(a)(2), which is the applicable provision before this Court, rely on caselaw that does not address Rule 1.09(a)(2), or both. *See Nitla*, 92 S.W.3d at 423 (disqualification not required where counsel reviewed privileged document that trial court ordered produced but movant failed to show actual prejudice); *see also Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (addressing actual prejudice in context of Rule 3.08); *Smith v. Abbott*, 311 S.W.3d 62, 73-74 (Tex. App.—Austin 2010, pet. denied) (addressing actual prejudice regarding alleged violations of Rules 1.10 and 7.03 and breach of separation agreement); *In re Dalco*, 186 S.W.3d 660, 668, 670-71 (Tex. App.—Beaumont 2006, orig. proceeding) (holding counsel improperly disqualified for breach of confidentiality and conflict of interest, but not discussing actual prejudice in analysis); *In re McDaniel*, No. 10-04-00166-CV, 2006 WL 408397, at \*1-3 (Tex. App.—Waco Feb. 22, 2006, orig. proceeding) (mem. op.) (relying on caselaw that does not apply Rule 1.09, addressing Rule 3.08, and questioning attorney-client relationship in Rule 1.09 context premised in Rule 1.09(a)(3)); *In re Hilliard,* No. 13-05-00223-CV, 2006 WL 1113512, at \*3-5 (Tex. App.—Corpus Christi Apr. 27, 2006, orig. proceeding) (mem. op.) (dealing with Rule 1.09(a)(3)); *In re Sw. Bell Yellow Pages, Inc.*, 141 S.W.3d 229 (Tex. App.—San Antonio 2004, orig. proceeding) (addressing Rule 1.06); *Ghidoni v. Stone Oak, Inc.*, 966 S.W.2d 573, 578-80

(Tex. App.—San Antonio 1998, pet. denied) (upholding disqualification without addressing actual prejudice in majority opinion); *Ussery v. Gray*, 804 S.W.2d 232 (Tex. App.—Fort Worth 1991, no writ) (addressing actual prejudice in the context of attorneys working in government or public service environment).

Moreover, each of these cases predates our opinion in *In re Innovation Resource Solution, L.L.C.*, in which we noted that a showing of actual prejudice is required in some instances, but we rejected the argument that a showing of actual prejudice is required before an attorney can be disqualified under Rule 1.09. No. 12-15-00254-CV, 2016 WL 1254058, at \*4 (Tex. App.—Tyler Mar. 31, 2016, orig. proceeding) (mem. op.). We interpret disciplinary rules in accordance with the rules of statutory construction. *Comm'n for Lawyer Discipline v. Hanna*, 513 S.W.3d 175, 178 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In doing so, we note that comment 10 to Rule 3.08 (titled "lawyer as witness") indicates that to disqualify an attorney under Rule 3.08, a party must prove actual prejudice. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08 cmt. 10 (Rule 3.08 "may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles" of counsel and witness). The comments do not add obligations to the rules, but "frequently illustrate or explain applications of the rules, in order to provide guidance for interpreting the rules and for practicing in compliance with the spirit of the rules." *Id*. preamble: scope ¶ 10. Thus, it is significant that, unlike Rule 3.08, the comments to Rule 1.09 contain no reference that could be interpreted as requiring a party to show actual prejudice in addition to a violation of Rule 1.09(a)(2). *See id*. 1.09; *see also* *Cimarron Agric., Ltd. v. Guitar Holding Co., L.P.*, 209 S.W.3d 197, 203-05 (Tex. App.—El Paso 2006, no pet.) (noting the distinction between Rules 3.08 and 1.09 and declining to require a showing of actual prejudice in addition to a violation of Rule 1.09(a)(3)). Because neither the plain language of Rule 1.09, nor its comments, require a showing of actual prejudice, we decline to read an actual prejudice requirement into the plain language of Rule 1.09.

Accordingly, under the circumstances of this case, we conclude that Richard established that Bill knowingly revealed Richard's confidential information, in the form of unprivileged information regarding his marital status, to those other than Richard, Richard's representatives, or the members, associates, or employees of Bill's law firm in the course of representing Donna in the guardianship proceeding. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05(b)(1). Thus,

Respondent could reasonably conclude that Bill personally formerly represented Richard, thereafter represented Donna in a matter adverse to Richard, and his representation of Donna, in reasonable probability, violates Rule 1.05(b)(1). *See id*. R. 1.09(a)(2); *see also id*. R. 1.05(b)(1). We, therefore, conclude that Donna failed to satisfy her burden of proving that Respondent abused his discretion by granting Richard's motion to disqualify. *See Cerberus Capital Mgmt.,* 164 S.W.3d at 382. Because disqualification was appropriate under Rule 1.09(a)(2), we need not address Donna's remaining arguments. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having determined that Donna failed to establish an entitlement to mandamus relief, we ***deny*** her petition for writ of mandamus.

**BRIAN HOYLE**
Justice

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-19-00044-CV**

**DONNA LIEBBE,**
Relator
V.

**HON. FLOYD T. GETZ,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Donna Liebbe; who is the relator in appellate cause number 12-19-00044-CV and a party in trial court cause number 43,197-G, pending on the docket of the County Court at Law No. 3 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on February 11, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*