

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00173-CV

**IN RE Kate SOULSBY**

Original Mandamus Proceeding[1]

Opinion by:    Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: June 22, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original mandamus proceeding, relator Kate Soulsby challenges a trial court ruling

that: (1) disqualifies Soulsby, who is an attorney, from representing "any party contrary to [real

party in interest J'Lee Plumlee]'s interests in the" underlying lawsuit; and (2) prohibits Soulsby

"from conferring [with] any subsequent [attorneys] on this matter." We conditionally grant the

petition for writ of mandamus.

### BACKGROUND

The underlying lawsuit is a suit affecting the parent-child relationship. Plumlee is the

petitioner below and the mother of the child. Prior to the ruling at issue here, Soulsby represented

Ivonne Sanderson-Perkins, the child's paternal grandmother, who is an intervenor below and

---

[1] This proceeding arises out of Cause No. 2019-CI-23835, styled *In the Interest of E.R.S., a Child*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

whose interests are contrary to Plumlee's. The respondent/counter-petitioner below, Jesse Sanderson, is the father of the child; he has not appeared in this mandamus proceeding.

On February 11, 2022, Soulsby issued a "Subpoena to Compel Production of Documents and Tangible Things" that commanded a specific custodian of records for Christus Santa Rosa Hospital to appear in Bexar County Presiding Court on February 18, 2022. The subpoena ordered the custodian "to produce, at the time and place specified above . . . [a] complete copy of the file for J'[L]ee Caitlyn Plumlee . . . from January 1, 2021 to current date." In response to this subpoena, Soulsby received hard copies of Plumlee's medical records. Soulsby maintains that she issued the subpoena to compel the custodian "to appear in court with records, to prove them up as a custodian of records," but that she did not intend or expect for the hospital to send the records to her office.

On February 16 and February 22, 2022, Soulsby issued new subpoenas that were substantively identical to the February 11 subpoena. She again received copies of Plumlee's medical records, this time in both hard copy and an emailed digital link. The record indicates that at some point after February 22, 2022, Soulsby told Plumlee's counsel that she intended to seek "a limited scope hearing" to call a custodian of records from Christus Santa Rosa regarding medical records Soulsby had obtained. This was the first time Plumlee's counsel learned that Soulsby had received Plumlee's medical records. The parties agree that Soulsby deleted the emailed link to the records in front of the court and counsel for the parties, and Soulsby maintains she destroyed the hard copies she received.

On March 1, 2022, Plumlee filed a motion for sanctions arguing there was "no way to un-ring [the] bell" of Soulsby's having received Plumlee's medical records. She sought an order deeming her medical records inadmissible, an order directing Soulsby "to comply with discovery procedures," and $4,700 in attorney's fees as sanctions. Plumlee also filed a motion for a protective

order and a brief in support of both motions. Neither the motions nor the brief in support of the motions requested Soulsby's disqualification, although they did request "any other and further relief that the court may deem appropriate."

During the March 7 hearing on Plumlee's motions, Soulsby told the trial court that she was "shocked that we got medical records without a HIPAA release or without anything else," and stated that "at no point did [she] anticipate getting medical records regarding Ms. Plumlee until we had them." Soulsby stated that she did not review the records and told her paralegal not to look at them. She also explained that she had "reviewed some CLE documents" and contacted the State Bar of Texas and "several other attorneys in regards to HIPAA" to determine her ethical obligations. Soulsby told the trial court that based on these discussions, she did not believe she had an ethical duty to destroy the records, but she did so nonetheless "because I knew that the facility should not have sent me those records." When Plumlee's counsel pointed out that Soulsby appeared to be familiar with information she would not have known without reviewing the records, Soulsby responded that she had "talked to a witness who Ms. Plumlee disclosed a lot of information to."

The trial court concluded on the record that Soulsby had not acted with candor because "it took more than three weeks to try to figure out whether or not you let opposing counsel know that a medical entity violated HIPAA to your benefit." When the trial court asked Soulsby why she did not notify Plumlee's counsel that she had received the records, Soulsby stated, "I think that my issue would be that then I would be disclosing evidence that I anticipated to impeach their client with, in addition to the fact that she would be able to go get the records and review them, and I haven't had an opportunity to see them." At the conclusion of the March 7 hearing, the trial court took Plumlee's motion for sanctions and motion for a protective order under advisement.

After the March 7 hearing, the trial court signed judge's notes indicating, inter alia, "Kate Soulsby shall be disqualified from representing any party contrary to [Plumlee's] interests in the case and is prohibited from conferring w/ any subsequent attys on this matter." On March 11, 2022, Soulsby, acting through counsel, filed a motion on her own behalf asking the trial court to reconsider its ruling. Plumlee sought to strike Soulsby's motion, arguing she lacked standing to seek reconsideration. During the hearing on Soulsby's motion, Plumlee argued for the first time that Soulsby's conduct justified the trial court's decision to disqualify her.

On Wednesday, March 23, 2022, the trial court orally denied both Soulsby's motion for reconsideration and Plumlee's motion to strike Soulsby's motion. It then set a hearing on a pending motion to strike Sanderson-Perkins's intervention for the following Monday, March 28, 2022. On March 25, 2022, Soulsby filed this mandamus proceeding and an emergency motion to stay the March 28 hearing. We granted the emergency motion and invited the respondent and the real parties in interest to file a response to Soulsby's petition. Only Plumlee filed a response.

## ANALYSIS

### *Standard of Review*

Mandamus is an extraordinary remedy that is only appropriate to correct a clear abuse of discretion for which there is no adequate remedy on appeal. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). A trial court commits a clear abuse of discretion if its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (internal quotation marks omitted). A party seeking mandamus relief "must establish that the trial court could have reasonably reached only one conclusion." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 303 (Tex. 2016) (per curiam).

The question of whether a relator has an adequate remedy by appeal "has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). This balancing test requires appellate courts to consider whether the benefits of mandamus review outweigh its detriments. *See id.*

### Standing

In her response, Plumlee questioned Soulsby's standing to challenge her own disqualification. Because standing is a threshold component of subject-matter jurisdiction, we address this issue first. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).

A complaining party lacks standing unless she alleges some injury unique to her own interests. *See, e.g.*, *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001); *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984) (orig. proceeding). An appellant—or, as here, a relator in a mandamus proceeding—"may not complain of [trial court] errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *Hunt*, 664 S.W.2d at 324. To be entitled to mandamus relief, a relator "must have a justiciable interest in the underlying controversy," but such an interest does not necessarily require the relator to be a party to the underlying litigation. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding).

As Plumlee notes, Texas courts have held that an attorney lacks standing to challenge her own disqualification because disqualification harms the client's interests, not the attorney's. *See, e.g.*, *Hornsby v. Tarrant Cty. Coll. Dist.*, No. 02-11-00445-CV, 2013 WL 2093155, at *8 (Tex. App.—Fort Worth May 16, 2013, pet. denied) (mem. op.) (concluding attorney lacked standing to

appeal because she "was not a party named of record in the trial court"); *In re Jackson*, No. 03-06-00358-CV, 2007 WL 7070885, at *3 (Tex. App.—Austin March 19, 2007, order). Here, however, the challenged ruling does not merely disqualify Soulsby from representing Sanderson-Perkins. The judge's notes indicate the trial court intended to prohibit Soulsby from representing any party adverse to Plumlee in the case and "from conferring [with] any subsequent [attorneys] on this matter." Those portions of the trial court's ruling are directed at Soulsby herself and effectively act as a permanent injunction against her. *See In re Davenport*, No. 01-14-00956-CV, 2015 WL 292955, at *3 (Tex. App.—Houston [1st Dist.] Jan. 22, 2015, orig. proceeding) (per curiam). Additionally, because this matter is a SAPCR, the ruling would presumably bind Soulsby for as long as the trial court retains continuing, exclusive jurisdiction over the child. *See* TEX. FAM. CODE ANN. § 155.002 ("Except as otherwise provided by this subchapter, a court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title.").

For these reasons, the trial court's ruling directly affects Soulsby herself and does not merely affect the rights of others. *See In re Davenport*, 2015 WL 292955, at *3. Accordingly, she has standing to seek mandamus review of the ruling under these unique circumstances. *See id.*; *see also Torrington*, 46 S.W.3d at 843.

### *Procedural Issues*

Plumlee also argues that we should deny Soulsby's petition based on purported procedural deficiencies. First, she notes Soulsby's petition does not comply with the certification requirement of Texas Rule of Appellate Procedure 52.3(j), and she cites authority holding that a petition that does not strictly comply with Rule 52.3(j) may be denied on that basis alone. *See* TEX. R. APP. P. 52.3(j); *In re Jordan*, No. 05-12-00185-CV, 2012 WL 506579, at *1 (Tex. App.—Dallas Apr. 3, 2012, orig. proceeding) (mem. op.); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). However, on at least one occasion, the Texas Supreme Court declined an

opportunity to deny a mandamus petition based solely on noncompliance with Rule 52.3(j). *See CMH Homes v. Perez*, 340 S.W.3d 444, 453 n.8 (Tex. 2011). Under the circumstances of this case, we similarly decline to do so.

Next, Plumlee argues that Soulsby's petition violates Texas Rule of Appellate Procedure 52.3(k) because the mandamus record does not "contain a certified or sworn copy of any complained of order." *See* TEX. R. APP. P. 52.3(k). This argument rests in an incomplete reading of Rule 52.3(k), which provides that a relator must present "a certified or sworn copy of any order complained of, *or any other document showing the matter complained of*." *Id.* (emphasis added). Here, the mandamus record contains several documents "showing the matter complained of," including the judge's notes from the hearing on Plumlee's motion for sanctions; Soulsby's motion for reconsideration; Plumlee's motion to strike Soulsby's motion; and a transcript of the hearing on Soulsby's motion for reconsideration.

We have previously held that judge's notes are insufficient to satisfy Rule 52.3(k). *See In re Rivera*, No. 04-12-00025-CV, 2012 WL 219591, at *1 (Tex. App.—San Antonio Jan. 25, 2021, orig. proceeding) (mem. op.). But even if we do not consider the judge's notes, both Soulsby's motion for reconsideration and Plumlee's motion to strike that motion explicitly recognize that the trial court ordered Soulsby disqualified. Furthermore, the transcript of the hearing on Soulsby's motion shows that Sanderson-Perkins told the trial court she had tried to hire a new attorney, but that attorney told her "it would be very hard for him to represent me in this case because of this disqualification and him not being able to talk to Ms. Soulsby." These documents show that both the trial court and the parties understood the trial court had a present intention to render a ruling: (1) disqualifying Soulsby from representing Sanderson-Perkins; and (2) prohibiting Soulsby from conferring with any other attorneys Sanderson-Perkins may wish to retain. *See In re Bledsoe*, 41

S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding). Accordingly, those documents are sufficient to subject the ruling to mandamus review. *See id.*; *see also* TEX. R. APP. P. 52.3(k).

### *Attorney Disqualification*

Disqualification of an attorney is an extreme remedy. *See, e.g.*, *In re Sw. Bell Yellow Pages*, 141 S.W.3d 229, 231 (Tex. App.—San Antonio 2004, orig. proceeding). "Accordingly, in ruling on a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage use of disqualification as a dilatory trial tactic." *Id.* A trial court has the power, "under appropriate circumstances, to disqualify an attorney even though he or she has not violated a specific disciplinary rule." *In re Meador*, 968 S.W.2d 346, 351 (Tex. 1998) (orig. proceeding). However, "a court should not disqualify a lawyer for a disciplinary violation that has not resulted in actual prejudice to the party seeking disqualification." *Id.* at 350.

Here, Plumlee did not initially request Soulsby's disqualification; instead, the trial court ordered that remedy sua sponte after Plumlee sought monetary sanctions, an order deeming her medical records inadmissible, and a protective order. During the hearing on Soulsby's motion for reconsideration, Plumlee argued the disqualification ruling was proper because Soulsby violated federal and state confidentiality laws applicable to private health information. In this court, Plumlee additionally argues that by repeatedly issuing subpoenas she knew had previously resulted in her receipt of Plumlee's medical records, Soulsby "habitually violate[d] an established rule of procedure or of evidence" and therefore violated Rule 3.04 of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.04(c)(1).

In a mandamus proceeding, we may not substitute our own judgment for the trial court's or "set aside the trial court's finding unless it is clear from the record that the trial court could only reach one decision." *In re Nitla*, 92 S.W.3d at 422. Here, the trial court concluded on the record that Soulsby's conduct showed a lack of candor, and on this record, we cannot say that the trial

court could only have reached the opposite conclusion. *See id.* That is because the trial court was not required to credit Soulsby's assertions that she did not expect or intend to receive Plumlee's medical records before she called the hospital's custodian of records "to come prove [them] up." *See, e.g.*, *In re Palacios*, 221 S.W.3d 564, 566 (Tex. 2006) (orig. proceeding) (per curiam) (noting relator did not "indisputably" show trial court incorrectly resolved credibility issue).

Nevertheless, the record does not support a conclusion that disqualification was a proper remedy here. When an attorney's allegedly improper conduct involves her receipt of privileged documents, disqualification is not warranted unless her review of those documents "caused actual harm to the" opposing party and "the trial court lacks any lesser means to remedy" that harm. *In re Nitla*, 92 S.W.3d at 423. Even if we assume Soulsby reviewed Plumlee's medical records—an issue that was contested below and on which the trial court made no findings— there is no evidence that any such review caused actual harm to Plumlee. *See id.* To the contrary, the judge's notes show that even though the trial court did not have an opportunity to review the medical records, it granted Plumlee's motion for a protective order and intended to prohibit the records from being "offered [at] future hearings [without] the explicit permission of the court via in camera inspection and tendering of [documents] to" Plumlee's counsel. At most, the facts the trial court considered "showed a *potential* for prejudice *if* confidential information was disclosed which *might* be used against [Plumlee] in the" underlying suit. *In re Sw. Bell Yellow Pages*, 141 S.W.3d at 232 (emphasis in original). We have held that "[t]he mere allegation of potential prejudice is insufficient to warrant the extreme remedy of disqualification." *Id.* Accordingly, the trial court's conclusion that Soulsby's conduct rose to a level that required her disqualification was an abuse of discretion under these circumstances. *See id.*; *see also In re H.E.B. Grocery Co.*, 492 S.W.3d at 303.

We also conclude Soulsby lacks an adequate remedy by appeal. It is well-established that "[a] party generally lacks an adequate appellate remedy if its counsel is disqualified." *In re Nitla*, 92 S.W.3d at 422; *Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789–90 (Tex. 1996) (per curiam). We see no reason to reach a different conclusion where, as here, the relator is the disqualified attorney herself and we have concluded she has standing to challenge her disqualification. Moreover, because the underlying lawsuit is a SAPCR, "justice demands a speedy resolution . . . [A]ppeal is frequently inadequate to protect the rights of parents and children." *In re Roxsane R.*, 249 S.W.3d 764, 775 (Tex. App.—Fort Worth 2008, orig. proceeding). While neither Soulsby nor Sanderson-Perkins are parents of the child at issue below, all parties to this case—including, most importantly, the child—are entitled to an expeditious resolution of the underlying dispute. Finally, it is unclear what relief, if any, Soulsby would be entitled to seek in a direct appeal of the eventual final judgment in this lawsuit. Under these circumstances, we conclude the benefits of mandamus review outweigh any potential detriments. *In re Prudential*, 148 S.W.3d at 136.[2]

On this record, we agree with Soulsby that the trial court committed a clear abuse of discretion for which there is no adequate remedy on appeal. We therefore conditionally grant Soulsby's petition for writ of mandamus. We note, however, that the facts of this case are unique, and our conclusions here are limited solely to these facts.

---

[2] Despite an exhaustive search, we have found no civil cases where a trial court disqualified an attorney in response to a motion for sanctions that did not explicitly request that remedy. In criminal cases, it is well-established that "a trial judge may not unilaterally remove a defendant's retained attorney without extraordinarily good cause." *Ex parte McFarland*, 163 S.W.3d 743, 759 (Tex. Crim. App. 2005); *Stearnes v. Clinton*, 780 S.W.2d 216, 223 (Tex. Crim. App. 1989). These holdings are grounded in a criminal defendant's Sixth Amendment right to counsel and therefore do not directly apply to civil matters. *See* U.S. CONST. amend. VI; *McFarland*, 163 S.W.3d at 759. Nevertheless, we believe the heavy burden imposed by Texas's disqualification jurisprudence supports a conclusion that a trial court should not sua sponte disregard a civil litigant's interest in representation by counsel of her choice in the absence of exceptionally extraordinary circumstances. *See, e.g.*, *In re RSR Corp.*, 568 S.W.3d 663, 666 (Tex. 2019) (disqualification is "a severe remedy" subject to "an exacting standard") (internal quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, we conditionally grant Soulsby's petition for writ of mandamus. We order the trial court to vacate its rulings disqualifying Soulsby from representing parties who are adverse to Plumlee and prohibiting Soulsby from conferring with other attorneys in this matter. Our order is without prejudice to Plumlee's ability to re-urge the non-disqualification remedies she sought in her motion for sanctions. The writ of mandamus will issue only if the trial court fails to comply within ten days of the date of this opinion.

Beth Watkins, Justice